UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JERRELL MILLER,

                Plaintiff,

-against-

CAPTAIN ROBERT GREEN; CORRECTIONAL
OFFICER TREVOR BROWN; COMMISSIONER
MARTIN F. HORN and CORRECTIONAL
OFFICER BENJAMIN OWENS, in their
individual and official capacities.

                Defendant.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**05 CV 2548 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983") against Commissioner Martin F. Horn, Captain Robert Green, and Correctional officers Trevor Brown and Benjamin Owens ("Defendants"). Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to protect him from another inmate while he was incarcerated at Rikers Island. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] For the following reasons, defendants' motion should be granted on plaintiff's claims against defendants Commissioner Martin F. Horn as well as Correctional Officers Trevor Brown and Benjamin Owens, and defendants' motion should be denied on plaintiff's claim against defendant Captain Robert Green.

---

[1] Defendants move in the alternative for judgment on the pleadings under Fed. R. Civ. P. 12(c). As only one of the four defendants have answered, the Court considers the instant motion pursuant to 12(b)(6).

## BACKGROUND

Plaintiff alleges that on June 12, 2002, another inmate told plaintiff that he was going to "beat the crap" out of plaintiff when they returned from the mess hall to the housing unit. Complaint ¶ 5. Plaintiff claims that he reported this threat to defendant, Captain Robert Green, and requested to be moved to another housing unit to avoid any fight. Id. ¶ 6. In response, plaintiff claims that Captain Green told him "not to be scared and fight back" and to go back to his housing unit, because the other inmate was probably only "talking crap" and trying to scare him. Id. ¶ 7. Plaintiff claims that he was physically attacked and repeatedly punched in the face by the other inmate on the way back to the housing unit. Id. ¶ 8. Plaintiff claims he suffered a broken jaw and a severe migraine headache as a result of the attack. Id. ¶ 8. Plaintiff alleges that Captain Green's deliberate indifference to his safety and failure to protect him after being informed of the threat violated his Eighth Amendment rights. Id. ¶ 10.

Plaintiff also claims that at the time of the attack, two corrections officers, listed in the complaint as John and Steve Doe, were supposed to be supervising the inmates during their return to the housing unit. Id. ¶ 9. Plaintiff claims that because they were not present to prevent the attack, they too violated plaintiff's Eighth Amendment rights by failing to protect him. Id. ¶ 16. Plaintiff's third claim is against defendant Commissioner Martin F. Horn, who plaintiff alleges violated his Eighth Amendment rights by 1) inadequately staffing supervisory officers in plaintiff's housing unit, and 2) allowing plaintiff, a "pre-trial detainee," to be placed in the same housing unit as his assailant, a convicted felon. Id. ¶ 17-18.

Plaintiff filed the instant complaint on May 16, 2005. Although plaintiff provided defendant Green's full name and the address of the correctional facility where Captain Green was working at

the time of the incident, the United States Marshals Service ("USMS") was unable to effect service on Green and the summons was returned unexecuted on June 29, 2005. See docket entry 5.

On November 10, 2005, this Court directed the Corporation Counsel to identify and to provide full names, badge numbers and service addresses for the "John and Steve Doe" officers, as well as for Officer Green. See Order dated November 10, 2005. Trevor Brown and Benjamin Owens were identified to replace the "Doe" defendants, and service addresses were provided for all three defendants. See docket entry 17. On December 29, 2005, the Court directed the USMS to effect service on these three defendants. See Order dated December 29, 2005 at 2.

Defendant filed the instant motion to dismiss on July 18, 2006. Counsel for plaintiff appeared on November 11, 2006 and opposed defendant's motion on January 22, 2007. Defendants filed a reply on February 9, 2007.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all the facts alleged in the complaint and must draw all reasonable inferences in favor of the nonmoving party. Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001). However, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). Thus a motion to dismiss pursuant to Rule 12(b)(6) should be granted if the allegations in a complaint do not "raise the right to relief above the speculative level." Id. at 1965. "When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference..."

Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). The Court has considered all of the documents plaintiff attached to his complaint. Moreover, where, as here, plaintiff was proceeding *pro se* when he initiated this action, the Court reads plaintiff's *pro se* filings liberally, and "'will interpret them to raise the strongest arguments that they suggest.'" Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

### 1. Plaintiff's Claims Against Officers Brown and Owens

Defendants Trevor Brown and Benjamin Owens assert that because plaintiff failed to identify and effect service upon them before the expiration of the statute of limitations, plaintiff's claims against them are time-barred. "In § 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (quoting Owens v. Okure, 488 U.S. 235, 249-250 (1989)). In New York, N.Y.C.P.L.R. § 214(5) provides the residual state statute of limitations which establishes that an action must be commenced within three years. In this case, plaintiff filed the original complaint on May 16, 2005. See docket entry 1. However, plaintiff's original complaint named John and Steve Doe defendants. Trevor Brown and Benjamin Owens were not identified until November 16, 2005, and were not served until April 6, 2006. See docket entries 22 and 23. As the events underlying plaintiff's instant complaint occurred on June 12, 2002, plaintiff's action against Officers Brown and Owens is time-barred.

Plaintiff's action can only proceed against Officers Brown and Owens if his complaint "relates back," under Fed. R. Civ. P. 15(c)(3), to the date the original complaint was filed. In order

4

for the complaint against Brown and Owens to "relate back," plaintiff would have to show that:

> (1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date, the party to be brought in by the amendment (A) has received such notice of the institution of the action that the party will not be *prejudiced* in maintaining a defense on the merits and (B) knew or should have known that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the party.

Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996) (citing Fed. R. Civ. P 15(c)(3)) (emphasis in the original). Plaintiff cannot satisfy a number of these requirements, and therefore the complaint against Brown and Owens does not "relate back" to the date the complaint was originally filed.

In particular, in order to satisfy requirement (2)(B), plaintiff must establish that there was a mistake concerning the identity of the proper party. Fed. R. Civ. P. 15(c)(3). If the newly added defendants were not originally named because the plaintiff did not know their identity, this does not qualify as a mistake for relation-back purposes. Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir. 1995) ("[F]ailure to identify the individual officers is a separate matter to which Rule 15(c) does not apply.") modified on other grounds, 74 F.3d 1366 (2d Cir. 1996).

Plaintiff argues that he thought a complaint against the "department head and Green was sufficient to maintain his suit" and he was unaware that he needed to add officers Brown and Owens. Plaintiff's Opposition at 7. However, plaintiff did include the officers as "Doe" defendants on the original complaint, he simply didn't know their identities at the time. In fact, plaintiff's second cause of action is specifically against these two officers. Complaint ¶¶ 15-16. Plaintiff's lack of

5

knowledge as to the officers' identities does not constitute a mistake under Fed. R. Civ. P. 15(c)(3). As a result, defendants' motion should be granted and plaintiff's claims against Officers Trevor Brown and Benjamin Owens should be dismissed as time-barred.

### 2. Plaintiff's Claim Against Commissioner Horn

§ 1983 creates a cause of action against any individual, acting under the color of law, who "subjects, or causes to be subjected" any person to the deprivation of any federal right. 42 U.S.C. § 1983. In order to establish a claim under § 1983, a plaintiff must first show that defendant was personally involved in the alleged constitutional deprivations. Moffit v. Town of Brookfield, 905 F.2d 880, 885 (2d Cir. 1991) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Plaintiff fails to allege that Commissioner Horn was personally involved in the matter. Plaintiff claims that Commissioner Horn violated his rights by inadequately staffing plaintiff's housing unit and neglecting to supervise and control defendant's subordinates. Complaint ¶¶ 17-18. However, it is not enough to assert a civil rights claim against somebody in a supervisory position; there is no respondeat superior liability under § 1983. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) (stating that "mere linkage in the prison chain of command" is insufficient to implicate a prison official in any alleged misconduct.); see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("Supervisor liability in a § 1983 action depends on the showing of some personal responsibility and cannot rest on respondeat superior.") (citation omitted).

In order to establish a claim against Commissioner Horn, plaintiff would need to establish "deliberate indifference" on the part of Commissioner Horn. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish "deliberate indifference" a plaintiff must show that a prison

official subjectively "knows of and disregards an excessive risk to inmate health and safety." Id. at 837. Although plaintiff alleges that Commissioner Horn "manifested mere 'deliberate indifference,'" plaintiff does not allege that Commissioner Horn had actual knowledge of the threat that was made against him. Complaint ¶ 17. "A complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation . . . fails to state a claim." Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995)(citation omitted). Accordingly, defendants' motion should be granted and plaintiff's claim against Commissioner Horn should be dismissed for failure state a claim upon which relief can be granted.

### 3. Plaintiff's Claim Against Captain Green

Fed. R. Civ. P. 4(m) requires plaintiff to serve all defendants within one hundred and twenty (120) days of the filing the complaint. Under Rule 4(m):

> [I]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Captain Green moves to dismiss the claim against him on the ground that he was not served within 120 days as required by Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on May 16, 2005; therefore, under Rule 4(m), plaintiff was to serve Captain Green by September 12, 2005. The Court granted plaintiff's application to proceed *in forma pauperis* on June 14, 2005, however, the summons issued to Captain Green was returned unexecuted to the USMS on July 8, 2005 with a request for information "on ID #." See docket entry 5. Captain Green was not

served until April 6, 2006. See docket entry 22.

Defendant asserts that plaintiff has failed to show good cause for not serving Captain Green within 120 days, and as a result, his claim against Captain Green should be dismissed as time-barred. Defendant's Memorandum of Law at 14-17. The Court should decline to dismiss plaintiff's claim against Green. "[E]ven in the absence of good cause" the Court has discretion to grant plaintiff an extension of time. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Here, plaintiff *has* good cause for why Green was not served within 120 days under Rule 4(m)..

An incarcerated *pro se* litigant is entitled to rely on service by the U.S. Marshals Service. Romandette v. Weetabix Co., 807 F.2d 309 (2d Cir. 1986) (an incarcerated *pro se* litigant's reliance on Marshal service is "good cause," under 4(j), the predecessor to rule 4(m)). In the present case, the USMS was unable to effect service on defendant Green because he was no longer at the address plaintiff provided. This should not be fatal to plaintiff's case. Plaintiff's original complaint provided Captain Green's name, and the facility on Rikers Island where Green was apparently posted on the date the incident occurred. That Green had either moved posts, or the Marshals needed an ID number in order to serve Green should not bar plaintiff's action against this defendant. Accordingly, defendant's motion to dismiss plaintiff's complaint against Captain Green should be denied.

## CONCLUSION

It is respectfully recommended that defendants' motions should be granted in part and plaintiff's claims against Commissioner Horn, Officers Brown and Owens should be dismissed pursuant to Rule 12(b)(6). Defendants motion should be denied in part and plaintiff's claim against Captain Green should proceed.

## FILING OBJECTIONS TO THIS AMENDED REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Amended Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 16, 2008
       Brooklyn, New York