UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JERRELL MILLER,

                           Plaintiff,

                -against-

CAPTAIN ROBERT GREEN; CORRECTIONAL
OFFICER TREVOR BROWN; COMMISSIONER
MARTIN F. HORN and CORRECTIONAL
OFFICER BENJAMIN OWENS, in their
individual and official capacities.

                          Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND ORDER

05-CV-2548 (CBA)

AMON, United States District Judge:

       On May 16, 2005, plaintiff Jerrell Miller filed this action against defendants Correctional Officers Trevor Brown and Benjamin Owens, Commissioner Martin F. Horn, and Captain Robert Green. Pursuant to 42 U.S.C. § 1983 ("§ 1983"), plaintiff alleges that his Eighth Amendment constitutional rights were violated when defendants failed to protect him from an attack by another inmate while Miller was incarcerated on Rikers Island. The defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

       This motion was to referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On January 16, 2008, Magistrate Judge Bloom recommended that the defendants' motion be granted on plaintiff's claims against defendants Commissioner Horn and Corrections officers Brown and Owens, but that the motion be denied regarding plaintiff's claims against defendant Captain Green. Captain Green has filed timely objections to the R&R. For the reasons set forth below, Magistrate Judge Bloom's R&R is adopted as the opinion of the Court.

1

I.  Background[1]

Miller claims that on June 12, 2003, he was threatened with physical violence by another inmate, that he reported the threat to Captain Robert Green, and that his request to be moved to another housing unit was denied. Miller further asserts that Captain Green stated that the other inmate was only trying to scare him, and that while following Captain Green's order to return to his own housing unit, Miller was physically attacked by the same inmate who had threatened him. Miller contends that Green was deliberately indifferent to his safety and that by failing to protect him from the threatened attack, Green violated Miller's Eighth Amendment rights. Furthermore, Miller asserts that his Eighth Amendment rights were violated by Corrections Officers Trevor Brown and Benjamin Owens, who were supposed to be supervising the inmates at the time of the attack. Finally, Miller contends that Commissioner Martin F. Horn violated his Eighth Amendment rights by failing to adequately staff supervisory officers in Miller's housing unit and by allowing Miller, a pre-sentence detainee, to be housed with his assailant, a convicted felon.

Plaintiff's claim was filed on May 16, 2005. Because he was incarcerated at the time, Miller relied on the United States Marshals Service ("USMS") to effectuate service upon the defendants. Miller provided the USMS with the full names of defendants Green and Horn, but did not provide any information with respect to Brown and Owens, who were listed in the complaint as John and Steve Doe. Additionally, Miller offered the address of the correctional facility where Green was working when the incident occurred. The USMS successfully served

---

[1]The Court provides a brief description of the factual context here and refers the reader to Magistrate Judge Bloom's R&R for a more detailed procedural and factual history.

Horn on June 30, 2005, but was unable to serve Brown and Owens due to insufficient information. The USMS also attempted to serve Green by mail on June 17, 2005, but the summons and complaint were returned unexecuted on June 29, 2005. On November 10, 2005, Magistrate Judge Bloom ordered Corporation Counsel to submit the full names of all defendants to the court, with the exception of Horn who had already been served. Corporation Counsel was also ordered to provide those defendants' badge numbers and service addresses. In compliance with this order, Corporation Counsel provided service addresses for all three defendants and identified Trevor Brown and Benjamin Owens as the "Doe" defendants. On December 29, 2005, the Court directed the USMS to effect service on defendants Brown, Owens and Green. These defendants were served on April 6, 2006.

II.  Discussion

   A.  Standard of Review

The Court reviews Magistrate Judge Bloom's R&R de novo. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. at 2200 (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). The Second Circuit has observed that the standard articulated by the Supreme Court in Twombly remains somewhat uncertain but notes, "at a bare

3

minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (Twombly, 127 S.Ct. at 1965; quoting ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)). When determining the sufficiency of a pleading for Rule 12(b)(6) purposes, the Court will draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002).

It is generally accepted law that a pro se litigant's papers are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003) ( "This court construes appellate briefs submitted by pro se litigants liberally and reads such submissions to raise the strongest arguments they suggest." ) (citation omitted). Additionally, "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estellev v. Gamble, 429 U.S. 97, 106 (1976)). See also Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989) (holding that a pro se litigant is to be held to "less stringent standards than those governing lawyers.")

B. Application

1. Plaintiff's Claims Against Officers Brown and Owens

Although the plaintiff raised no objections to the R&R issued by Magistrate Judge Bloom, this Court has carefully reviewed all of the issues contained therein. Officers Brown and Owens were not named in plaintiff's original complaint, and they were not identified or served within the three year statute of limitations. Moreover, the initial identification of the officers as

4

"John and Steve Doe" was not a "mistake concerning the identity of the proper party" which would allow "relation back" under Fed. R. Civ. P. 15(c)(3). Thus, this Court concurs with the R&R's finding that the claim against Officers Brown and Owens must be dismissed as time-barred.

2. Plaintiff's Claim Against Commissioner Horn

Under 42 U.S. §1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional deprivations. See Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.") The Court concurs with Magistrate Judge Bloom's finding that Miller's complaint did not allege Commissioner Horn's personal involvement, but rather contended that Horn was negligent in his inadequate staffing of the housing unit. Accordingly, this Court agrees with the R&R's conclusion that plaintiff's claim against Commissioner Horn should be dismissed because it fails to state a claim upon which relief can be granted.

3. Plaintiff's Claim Against Captain Green

Defendant Captain Green moves to dismiss the claims against him because he was not served within 120 days of the filing of the complaint, pursuant to Fed. R. Civ. P. 4(m). Rule 4(m) provides 120 days service of a complaint; after that period of time, a court must dismiss the action without prejudice. If the plaintiff shows "good cause" for the failure, a court must extend the time for service for an appropriate period. Id. Miller's complaint was filed on May 16, 2005, requiring Green to be served no later than September 12, 2005. As discussed above, Miller offered Green's name and service address to the USMS, which attempted to serve Green

5

by mail on June 17, 2005. However, this attempt was unsuccessful and Green was not served until April 6, 2006. Green was served after 120 days had passed under Rule 4(m), and after the three-year statute of limitations for the underlying cause of action had expired.

Magistrate Judge Bloom's R&R recommends that Green's motion to dismiss be denied because the plaintiff, as an incarcerated prisoner, was entitled to rely on the USMS to effect timely service and thus was not responsible for the USMS failure to locate and serve Captain Green. On January 24, 2008, defendant Green filed a memoranda supporting his objections to the R&R. After considering the arguments raised in Captain Green's objections, this Court concurs with Magistrate Judge Blooms' finding that Green's motion to dismiss should be denied.

As Magistrate Judge Bloom's R&R notes, "an incarcerated pro se litigant . . . [is] entitled to rely on service by the U.S. Marshals." Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (An incarcerated plaintiff's improper service upon a corporate defendant was not penalized in part because the incarcerated plaintiff was entitled to rely on the USMS to effectuate service.); cf. Nagy v. Dwyer, 507 F.3d 161, 164 (2d Cir. 2007). In his objection to the R&R, Green contends that in this case, the failure by the USMS to effect service is not "good cause" for excusing untimely service pursuant to Rule 4(m) because plaintiff never requested an extension or made further efforts to serve Green upon learning that the USMS had been unsuccessful. However, Green provides no support for the proposition that in addition to offering the relevant information to the USMS, an incarcerated pro se prisoner is required to exercise due diligence in effecting service.

Moreover, the court maintains the power to extend the service period even without a showing of "good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). In

view of Green's reasonable reliance on the USMS for service, the Court exercises its discretion in excusing any delay. Therefore, the failure of the USMS to effect timely service should not be a bar to plaintiff's claim.

The Court also rejects Green's argument that he has been greatly prejudiced as a result of receiving untimely service. Although this Circuit has noted that a defendant may be "harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired," the Court has found good cause for the delay in this case. Zapata, 502 F.3d at 198. The prejudice to the defendant in delayed service is not, in the Court's estimation, outweighed by the harm that would be suffered by the plaintiff if his claims were dismissed without recourse.

CONCLUSION

For the foregoing reasons, Magistrate Judge Bloom's Report and Recommendation is hereby adopted as the opinion of the Court. The defendants' motion to dismiss is granted with respect to plaintiff's claims against Commissioner Horn, Corrections Officer Brown, and Corrections Officer Owens. Defendants' motion is denied with respect to plaintiff's claims against Captain Green.

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2008

Carol Bagley Amon
United States District Judge